IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK CARSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-3076-L |
| | § | |
| TEXAS BASED FURNITURE MOVERS | § | |
| PLAN, an ERISA plan, | § | |
| NATIONAL ACCIDENT INSURANCE | § | |
| UNDERWRITERS, INC., FISERV BPI | § | |
| and AMERICAN NATIONAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' F.R.C.P. Rule 12(b)(6) Motion to Strike and Dismiss Plaintiff's Second Amended Complaint,[1] filed February 2, 2005, by National Accident Insurance Underwriters ("NAIU") and FISERV BPI, Inc.( "BPI"). After careful consideration of the motion, response, reply, record and applicable law, the court **grants** Defendants' F.R.C.P. Rule 12(b)(6) Motion to Strike and Dismiss [Counts II and III of] Plaintiff's Second Amended Complaint.

## I.   Factual and Procedural Background

Plaintiff Patrick Carson ("Carson" or "Plaintiff") was employed with D5 Service Company/U.S.A. ("D5 Service"), a furniture moving company. On December 27, 2001, Carson injured his right shoulder at work when he was crushed by a trailer. Carson applied for benefits[2]

---

[1]Despite the title of the motion, Defendants seek to strike and dismiss Counts II and III only of the amended complaint. Defendants do not challenge Count I.

[2]The date of Plaintiff's application for benefits is unknown, as neither party provided such information.

**Memorandum Opinion and Order - Page 1**

under the Texas Based Furniture Movers Plan ("the Plan"), an insurance policy maintained by D5 Service.   The policy was issued by American National Insurance Company ("ANIC"), and underwritten by NAIU.   NAIU is a third party administrator of the policy.   BPI administers the benefits for NAIU for work-related injuries.   On January 4, 2002, Carson's benefits under the Plan were discontinued.   On March 19, 2002, Carson requested information from BPI regarding the Plan. BPI responded to the request on or about April 22, 2003.

Carson filed this action on December 29, 2003, against the Plan, ANIC, BPI, and NAIU (collectively "Defendants").   Carson filed his second amended complaint on January 11, 2005. Carson alleges three causes of action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*: (I) Defendants unlawfully denied him benefits in violation of 29 U.S.C. § 1132(a)(1)(B); (II) he is entitled to interest on the denied benefits as equitable relief pursuant to 29 U.S.C. § 1132 (a)(3)(A); and (III) BPI failed to provide him information as requested in violation of 29 U.S.C. § 1132 (c)(1)(B).   NAIU and BPI filed their motion to strike and dismiss Counts II and III of Carson's second amended complaint on February 2, 2005.   They maintain that they cannot be liable as a matter of law and that Carson is not entitled to equitable relief under the circumstances of this case.

## II.   <u>Motion to Dismiss - 12(b)(6) Failure to State a Claim</u>

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted."   *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

**Memorandum Opinion and Order - Page 3**

III.     <u>Analysis</u>

A.     **Plaintiff's Claim for Equitable Relief**

Carson contends that he is entitled to interest on the retained disability benefits as equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(A).[3]  Defendants assert that the equitable relief available under this section does not mean monetary damages.

Section 1132(a)(3) provides that a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  This section is a catchall provision that provides "a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere remedy."  *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

The term "equitable relief" encompasses only "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages.)" *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 256 (1993).  The Supreme Court clarified the nature of the equitable relief available under § 1132(a)(3) in *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002).  In *Great-West,*  a medical insurance company sought restitution as equitable relief to compel a plan beneficiary to reimburse the insurance company from the settlement proceeds the beneficiary recovered from a personal injury suit.  The insurance company had made benefit payments pursuant to the plan to the plan beneficiary.  The Supreme Court held that § 1132(a)(3)(B) did not authorize such relief, which was not typically available in equity court.  *Id*. at 214.  The Court opined that the plaintiff was essentially seeking to impose personal liability on defendants for

---

[3]The correct section for equitable relief is 29 U.S.C. § 1132(a)(3)(B).

a contractual obligation to pay money, and stated that "[a] claim for money due and owing under a contract is quintessentially an action at law." *Id.* at 210.  The Court recognized that a recovery for restitution may be for restitution at law or restitution at equity; and only the latter could be considered "appropriate equitable relief" under § 1132(a)(3) if the plaintiff is the true owner of the particular property, and the property being sought is identifiable and in the hands of the defendant. *Id.* at 213.  A court in equity could then order transfer of title (imposing a constructive trust) or of a security interest (enforcing an equitable lien) to the true owner.  *Id.*

The *Great-West* decision raises the question whether § 1132(a)(3)(B) ever allows an award of interest for delayed benefits or whether such a claim is an impermissible attempt to dress an essentially legal claim in the language of equity.  In order to determine whether § 1132(a)(3)(B) allows an award of interest for delayed benefits after *Great West,* and since the Fifth Circuit has yet to specifically address this question, the court looks to decisions rendered in other circuits that have considered the effect of *Great-West* on claims for interest for breach of fiduciary duty under § 1132(a)(3)(B).

In *Parke v. First Reliance Standard Life Ins. Co.,* 368 F.3d 999 (8th Cir. 2004), the district court awarded prejudgment interest to the plaintiff beneficiary seeking long-term disability benefits for a period when the plaintiff's benefits were  wrongfully delayed.  *Id.* at 1003. The defendant plan administrator argued that the *Great-West* decision narrowed the definition of appropriate equitable remedy and that interest was no longer a permissible remedy.  *Id.* at 1006-07.  Since the district court had awarded interest pursuant to the theory of accounting for profits, an undisputed equitable remedy, the Eighth Circuit stated that the pertinent inquiry was whether the award of interest could actually be considered an accounting for profits, or whether it represented a legal claim disguised

in equitable terms.  *Id.* at 1007.  The court stated that "[u]nder traditional rules of equity, a defendant who owes a fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching that duty, even if the defendant's breach was simply a failure to perform its obligations under a contract."  *Id.* at 1008.  The court held, therefore, that the defendant could be forced under § 1132(a)(3)(B) to disgorge any profits it earned as a result of that wrongful conduct.  *Id.* at 1009.  Because this was a remedy typically available in equity, it was permissible after *Great-West*.  *Id.*

Similarly, in *Skretvedt v. E.I. Dupont De Nemours*, 372 F.3d 193 (3$^d$ Cir. 2004), the plaintiff sued for payment of disability benefits, including claims for interest based on the delay in payment.  *Id.* at 195.  In a matter of first impression before the Third Circuit, the court held that the Supreme Court's decision in *Great-West* did not apply to the plaintiff's claim for prejudgment interest with respect to benefits awarded pursuant to a court judgment under § 1132(a)(1)(B).  *Id.* at 205.  Additionally, the court upheld the plaintiff's separate claims for interest with respect to benefits which his employer had already voluntarily paid and concluded that *Great-West* does not preclude a claim under § 1132(a)(3)(B) for restitution by way of a constructive trust with respect to interest earned on withheld benefits. *Id.* at 209-10.  The court examined the ability to assert an independent claim for interest after *Great-West* and concluded that the plaintiff was able to seek appropriate equitable relief in the form of a constructive trust to force the defendant to disgorge the gain it received on his withheld benefits under a restitution theory.  *Id.* at 214.  Furthermore, the court stated that the ERISA plan's funds provided the specific property in the defendant's possession, as opposed to imposing personal liability. *Id.*  Based on the reasoning of the Eighth and Third Circuits, this court agrees that it would be possible for Carson to state a claim under § 1132(a)(3)(B) to recover interest for breach of fiduciary duty.

This does not end the inquiry, however, because even if Carson can state a claim for interest as equitable relief, his ability to recover under § 1132(a)(1)(B) precludes relief under § 1132(a)(3)(B).  As outlined above, Carson *could* state a claim for equitable relief to recover interest for a breach of fiduciary duty under § 11132(a)(3)(B).  Based on the pleadings before the court, however, Carson is unable to recover under § 1132(a)(3)(B), as the relief he seeks is essentially the same as he would be entitled to under § 1132(a)(1)(B).  A plaintiff cannot sue for a breach of fiduciary duty for denial of benefits under § 1132(a)(3)(B) when he has a remedy expressly provided under § 1132(a)(1)(B).  *See, e.g., Varity,* 516 U.S. at 515 (stating that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief"); *Musmeci v. Schwegmann Giant Super Markets, Inc.,* 332 F.3d 339, 349 n.5 (5th Cir.2003) (citing *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002)); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998) (concluding that a claim for equitable relief for breach of fiduciary duty was precluded because plaintiff had an adequate claim for benefits due under the plan under § 1132(a)(1)(B)).

In this case, Carson attempts to assert a cause of action for benefits and a separate cause of action for interest on those benefits.  Should Carson ultimately prevail on Count I of his action (which Defendants are not challenging), he is entitled to his benefits; and the court, in its discretion, may award prejudgment interest on the benefits.  *See, e.g., Hansen v. Continental Ins. Co.,* 940 F.2d 971, 984 n.11 (5th Cir. 1991) (stating that ERISA does not preclude prejudgment interest); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 286 (2[d] Cir. 1992); *Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 131-32 (3[d] Cir. 2000).  Thus, all the relief Carson seeks is available to him under § 1132(a)(1)(B).  Plaintiff is therefore precluded from stating an alternative

basis for relief under § 1132(a)(3)(B).  Accordingly, as it is clear that no relief could be granted

under any set of facts that could be proved consistent with the Carson's allegations regarding his

claim under 29 U.S.C. § 1132(a)(3)(B), Defendants' motion to strike and dismiss Count II of

Plaintiff's Second Amended Complaint should be granted.

### B.       Plaintiff's Claim Under 29 U.S.C. § 1132(c)(1)(B)

Carson contends that Defendants violated 29 U.S.C. § 1132(c)(1)(B) by failing to provide

him information regarding the ERISA plan to which this case pertains.  Defendants maintain that,

as they were not the plan administrator as defined by ERISA, they cannot be liable as a matter of

law for the disclosure penalty under 29 U.S.C. § 1132(c).  Section 1132(c)(1)(B) provides that:

> Any administrator . . . who fails or refuses to comply with a request
> for any information which such administrator is required by this
> subchapter to furnish to a participant or beneficiary (unless such
> failure or refusal results from matters reasonably beyond the control
> of the administrator) by mailing the material requested to the last
> known address of the requesting participant or beneficiary within 30
> days after such request may in the court's discretion be personally
> liable to such participant or beneficiary in the amount of up to $100
> a day from the date of such failure or refusal, and the court may in its
> discretion order such other relief as it deems proper.

Administrator is defined as "the person specifically so designated by the terms of the instrument

under which the plan is operated."   29 U.S.C. § 1002(16)(A)(i).  If an administrator is not

designated, then the plan sponsor is the administrator.  *Id.* at § 1002(16)(A)(ii).  The plan sponsor

is "the employer in the case of an employee benefit plan established or maintained by a single

employer." *Id.* at § 1002(16)(B).  Defendants maintain that they were third party administrators, not

plan administrators as defined under ERISA, and that D5 Service is the plan sponsor, and therefore,

the plan administrator.

**Memorandum Opinion and Order - Page 8**

Carson argues that, as the insurance policy identifies NAIU as a "third party administrator with respect to this policy," NAIU is the plan administrator. *See* Exhibit B at 9 of Defendants' Motion to Dismiss. Carson further points out that the policy authorizes submission of claims at the office of NAIU or any authorized insurance agent of ANIC. *Id.* He contends that BPI is an authorized insurance agent of ANIC, and therefore a plan administrator.

Despite the parties' arguments whether a third party administrator or authorized insurance agent is a plan administrator under ERISA, the court determines that the issue in *this* case does not turn on that point at all. Specifically, the court notes that in his second amended complaint, Carson states that the request for information was made to BPI, and that BPI did not provide the information. Plaintiff's Second Amended Complaint at 5. BPI was not *specifically designated* as a plan administrator under the policy, and therefore, BPI is not an administrator for purposes of 29 U.S.C. § 1132(c)(1)(B). *See* Exhibit B at 9 of Defendants' Motion to Dismiss. As Carson made no allegations in his second amended complaint regarding NAIU's failure to supply requested information, no such claim is before the court. Accordingly, no relief could be granted under any set of facts that could be proved consistent with the Carson's allegations regarding this claim, and Defendants' motion to strike and dismiss Count III of the second amended complaint should be granted.

## IV.  Conclusion

For the reasons stated herein, Defendants' F.R.C.P. Rule 12(b)(6) Motion to Strike and Dismiss [Counts II and III of] Plaintiff's Second Amended Complaint is **granted**; and Counts II and III of Plaintiff's Second Amended Complaint are **dismissed with prejudice** for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**Memorandum Opinion and Order - Page 9**

**It is so ordered** this 16th day of August, 2005.


Sam A. Lindsay
United States District Judge